UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

| | |
|---|---|
| THOMAS ARRINGTON,<br><br>                                   Plaintiff,<br><br>   -against-<br><br>CITY OF NEW YORK, ROBERT DELANEY, Individually, and JONATHAN CANCEL, Individually,<br><br><br><br>                                  Defendants. | **AMENDED COMPLAINT**<br><br>20 CV 00848<br>(PKC) (JO)<br><br>Jury Trial Demanded |

----------------------------------------------------------------------------X

Plaintiff THOMAS ARRINGTON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

1. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

2. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

3. Plaintiff THOMAS ARRNGTON is a forty-four-year-old African American resident of the State of New York.

4. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

6. That at all times hereinafter mentioned, the individually named defendants, ROBERT DELANEY and JONATHAN CANCEL were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

7. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

8. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

9. On June 3, 2018, at approximately 3:00 a.m., plaintiff was inside of a Kennedy Fried Chicken, located at 2788 Fulton Street, Brooklyn, New York, when he was approached by defendant NYPD officers ROBERT DELANEY and JONATHAN CANCEL.

10. During plaintiff's interaction with said officers, defendant DELANEY proceeded to needlessly discharge his Taser at plaintiff, striking plaintiff in his left chest.

11. Defendant DELANEY thereafter, in the presence of defendant CANCEL, without justification, unreasonably, and excessively subjected plaintiff to three, five-second Taser rounds, over a period of twenty-two seconds.

12. At no point during plaintiff's interaction with defendants DELANEY and CANCEL did plaintiff engage in any actions warranting this substantial level of force and no basis or justification existed for DELANEY to have discharged his Taser for three successive rounds.

13. Plaintiff, who was not arrested, had not engaged in any conduct justifying defendant DELANEY'S use of a Taser, which was unreasonable and excessive under the circumstances.

14. Defendant CANCEL failed to intervene in DELANEY'S excessive use of force despite a meaningful opportunity to do so, insofar as DELANEY, without justification, subjected plaintiff to three successive Taser rounds in CANCEL'S presence.

15. Plaintiff was subsequently transported via an ambulance to Woodhull Medical and Mental Health Center, where he was released from police custody.

16. Plaintiff had a Taser hook lodged in his left chest wall, which was removed with a scalpel.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff THOMAS ARRINGTON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of improperly deploying Tasers, and in particular deploying Taser for successive rounds without justification.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the

Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of Tasers.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiff THOMAS ARRINGTON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Delaney)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. The level of force employed by defendant DELANEY was excessive, objectively unreasonable and otherwise in violation of plaintiff THOMAS ARRINGTON's constitutional rights.

29. As a result of the aforementioned conduct of defendants, plaintiff THOMAS

ARRINGTON was subjected to excessive force and sustained serious physical injuries, scarring and emotional distress.

30. As a result of the foregoing, plaintiff THOMAS ARRINGTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Cancel)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendant CANCEL had an affirmative duty to intervene on behalf of plaintiff THOMAS ARRINGTON, whose constitutional rights were being violated in his presence by defendant DELANEY.

33. Defendant CANCEL failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiff THOMAS ARRINGTON was subjected to excessive force and he was put in fear of his safety.

35. As a result of the foregoing, plaintiff THOMAS ARRINGTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FORTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The City of New York engaged in a policy, custom or practice of unreasonably using Tasers and inadequate screening, hiring, retaining, training and supervising its employees regarding the proper use of Tasers that was the moving force behind the violation of plaintiff THOMAS ARRINGTON's rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff THOMAS ARRINGTON.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff THOMAS ARRINGTON as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff THOMAS ARRINGTON as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff THOMAS

ARRINGTON was unreasonably Tasered multiple times and thereby subjected to excessive force.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff THOMAS ARRINGTON'S constitutional rights.

44. All of the foregoing acts by defendants deprived plaintiff THOMAS ARRINGTON of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from the failure to intervene.

45. As a result of the foregoing, plaintiff THOMAS ARRINGTON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff THOMAS ARRINGTON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated:  New York, New York
        October 30, 2020

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff THOMAS ARRINGTON
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By:   *Brett Klein*
      BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

THOMAS ARRINGTON,

                               Plaintiff,

                                                 20 CV 00848
   -against-                                        (PKC) (JO)

CITY OF NEW YORK, ROBERT DELANEY, Individually, and
JONATHAN CANCEL, Individually,

                               Defendants.

-------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132